**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MADISON SCHERBAN,<br><br>Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| UNIVERSITY OF KANSAS,<br><br>Defendant. | ) | |

**COMPLAINT**

Plaintiff, Madison Scherban, states and alleges the following against the defendant University of Kansas.

**NATURE OF THE COMPLAINT**

1. This is an action for legal and equitable relief brought under 42 U.S.C. §§ 12101 *et seq*., Title VII, 42 U.S.C. §§ 2000e through 2000e-17, *et. seq*. for sex discrimination, harassment, and retaliation.

2. The primary purpose of Title VII is to protect individuals against illegal discrimination, including sex discrimination and retaliation for complaining about illegal discrimination.

3. Ms. Scherban was unlawfully discriminated against and terminated by the University of Kansas ("KU" or "University") based on sex and in retaliation for complaining about sex discrimination; further, she was retaliated against for whistleblowing based on good-faith reporting.

4. The unlawful conduct of KU deprived Ms. Scherban of her employment and directly resulted in the significant loss of financial compensation and other benefits which she would have earned and been entitled to but for the discrimination and retaliation alleged in this complaint.

## PARTIES

5. Ms. Scherban is a female domiciled in Kansas.

6. Plaintiff was an "unclassified" employee of KU.

7. The University of Kansas is a major public research and teaching institution of approximately 31,000 students and 3,400 faculty and employees across five campuses (Lawrence, Kansas City, Overland Park, Wichita, and Salina).

8. On July 14, 2025, KU sent a letter to plaintiff, stating that "the University is an agency of the State of Kansas."

9. According to KU, plaintiff was "at will," and her termination could "not be appealed."

10. KU is not a municipality.

11. KU is an "employer" as defined by Title VII because it engages in an industry affecting commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every year of Ms. Scherban's employment with KU.

12. Ms. Scherban was employed by KU from December 2024 through her termination in July 2025.

13. Plaintiff worked for defendant in Lawrence, Kansas 66045.

14. KU treated Ms. Scherban as an employee as it related to employment, compensation, taxes, and workers' compensation.

15. At all relevant times to Ms. Scherban's employment, KU employed more than 500 employees and engaged in interstate commerce.

## JURISDICTION AND VENUE

16. Ms. Scherban submits to the jurisdiction of this Court for the adjudication of the claims alleged herein.

17. KU is generally subject to personal jurisdiction to Courts of Kansas because it has

consented to jurisdiction in Kansas by applying and receiving permission from the Kansas Secretary of State's Office to do business in Kansas and because KU conducts ongoing, substantial and continuous business in Kansas.

18. KU is subject to personal jurisdiction in this Court for the specific purposes of this lawsuit because the acts and omissions alleged herein took place in Kansas, within this Court's territorial jurisdiction.

19. This Court has original subject matter jurisdiction over this case pursuant to U.S.C. § 1331 because Ms. Scherban's claims arise under federal law.

20. This Court has supplemental jurisdiction under 28 U.S.C. § 1367. The claim forms part of the same case or controversy under Article III of the United States Constitution because the federal and state claims derive from a common nucleus of operative facts, such that they ordinarily would be expected to be tried in one judicial proceeding.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Ms. Scherban's claims occurred within this District.

## ADMINISTRATIVE PROCEDURES

22. On January 7, 2026, Ms. Scherban filed a charge against KU with the Equal Employment Opportunity Commission, Charge No. 47212-26. *See* Exhibit. 1, attached and incorporated as if fully set forth herein.

23. On August 16, 2026, the EEOC issued Ms. Scherban a Notice of Right to Sue KU. *See* Ex. 1.

## FACTUAL SUPPORT

24. In December 2024, Ms. Scherban began working as a detective in the KU Police Department.

25. KU acknowledges that, "Scherban was hired based on her qualifications . . . and her

prior experience working in law enforcement for seven years."

26. Ms. Scherban was qualified to perform the job of detective.

27. Ms. Scherban's work performance, at all relevant times, was consistent with KU's legitimate expectations, and she met or exceeded expectations and goals set – until she complained about sex discrimination and other illegal activity.

28. Ms. Scherban was never disciplined for any unethical conduct. She never received any written reprimands, performance improvement plans, or discipline.

29. Ms. Scherban has all the required qualifications for the work she performed for KU.

*The Sexual Assault Case*

30. In January 2025, Ms. Scherban was assigned a rape case.

31. She meticulously investigated the alleged rape and found that the alleged victim filed a felony false report of blackmail, felony false report of rape, unlawful interference (manipulation of evidence), harassment, and possible aggravated battery through passing along a sexually transmitted infection.

32. The Assistant District Attorney with the Douglas County District Attorney's Office reviewed Ms. Scherban's investigation, and agreed that, based on Scherban's investigation, there could be potential false report charges related to blackmail.

33. Apparently, concerned about the public perception of false allegations and blackmail, KU instructed Ms. Scherban to conceal and/or omit evidence of the illegal activity.

34. Based on sex-based stereotypes, KU assumed that Ms. Scherban would not pursue charges against the female who filed false reports, which is the outcome that KU wanted.

35. When KU learned that Ms. Scherban intended to pursue charges, KU unilaterally removed Ms. Scherban from the case. The reassignment of the case adversely affected the terms and

conditions of Ms. Scherban's employment.

36. Ms. Scherban's investigation was impeded because of her sex.

37. Stereotyping Ms. Scherban, KU contends she took "an inappropriate interest in behaviors of the victim that were unrelated to the investigation of the sexual assault incident on campus."

38. This contention is false. The behaviors of the purported victim were related to the investigation and confirmed by the fact that the Assistant District Attorney agreed that, based on Scherban's investigation, there could be potential false report charges related to blackmail of sexual assault.

39. Similarly situated male officers did not have their investigations impeded or cases removed.

40. Ms. Scherban's supervisor (male) met with the Assistant District Attorney, interfering with her investigation.

41. Plaintiff made good-faith complaints that her evidence was being tampered with, and her supervisor wanted her to conceal evidence of a crime because she is female.

42. Ms. Scherban was pressured to conceal the unlawful felony activity. Similarly situated male officers were not pressured to cover up unlawful felony activity.

43. As an act of discrimination and retaliation, KU removed the rape case from Ms. Scherban and assigned it to a lesser qualified male employee who did nothing on the case.

44. No charges were filed, the illegal acts were ignored, the investigation was closed, and Ms. Scherban was retaliated against.

*Continued Discrimination and Harassment*

45. In June 2025, Ms. Scherban complained about sex discrimination because she was harassed based on sex. Here are examples of what she endured:

a. To harass Ms. Scherban, a male supervisor talked about the size of the genitalia of a deceased black male victim.

b. A male supervisor talked about his wife engaging in grotesque sexual acts with others.

c. Ms. Scherban was prohibited from talking with certain female employees, unlike male officers.

d. The rape case was taken from Ms. Scherban and reassigned to a lesser qualified male employee.

e. When Ms. Scherban complained about discrimination, she was stereotyped as "emotional."

f. Ms. Scherban was given administrative tasks, unlike than male officers, and had to report to two sergeants. Administrative assignments significantly reduced her patrol hours and adversely effected the terms and conditions of her employment in terms of pay, prestige, promotions, and other benefits.

g. KU retaliated against her by removing her from instructing others on de-escalation training.

h. After Ms. Scherban complained, she was ostracized, scrutinized and ignored. Her supervisor made her notate every single activity she completed during the day, including bathroom breaks, water breaks, and conversations.

*Retaliatory Termination*

46. On July 2, Ms. Scherban complained about sex discrimination.

47. Ms. Scherban met with A.W. in the Title IX office about escalating her complaints. Ms. Scherban's male supervisor asked Ms. Scherban what her meeting was about.

48. On July 14, 2025, KU placed Ms. Scherban on administrative leave, alleging that her supervisor made a "recommendation" that she be terminated.

49. On July 23, KU acknowledged that Ms. Scherban "formally complained" about sex discrimination, which included Ms. Scherban complaining that the purported termination "recommendation" was discriminatory and retaliatory.

50. Instead of investigating Ms. Scherban's complaints, KU doubled down on the "recommendation," telling her that, "your appointment will be terminated effective July 29, 2025."

51. On July 29, 2025, Ms. Scherban's appointment was terminated.

52. Ms. Scherban's termination was in retaliation for her complaining about sex discrimination.

**COUNT I**

**Title VII – Sex Discrimination**

53. Ms. Scherban incorporates by reference every other allegation made herein.

54. Ms. Scherban is female.

55. Ms. Scherban was treated less favorably than male employees.

56. Ms. Scherban was treated differently and unfairly because of her sex.

57. The conduct alleged herein adversely affected the terms, conditions, or privileges of Ms. Scherban's employment.

58. As a direct and proximate cause of the actions and conduct set forth herein, Ms. Scherban suffers and will continue to suffer damages, emotional distress, and inconvenience.

59. Ms. Scherban was terminated because of her sex.

60. KU, through its agents and employees, engaged in discriminatory practices with malice or reckless indifference to Ms. Scherban's federally protected rights. KU is therefore liable for punitive damages in an amount sufficient to punish it and to deter it and other companies from engaging in similar conduct.

WHEREFORE, Ms. Scherban prays for judgment against KU on Count I of her complaint, for a finding that she was subjected to unlawful sex discrimination; for compensatory damages, including monetary losses, emotional pain and suffering, loss of enjoyment of life and other non-monetary losses; punitive damages, equitable relief, front pay, future monetary and non-monetary damages, costs expended, reasonable attorney and expert fees, pre-judgement and post-judgement interest, and for such other and further relief available by law or the Court deems just and proper.

## COUNT II

## TITLE VII – Retaliation

61. Ms. Scherban incorporates by reference every other allegation made herein.

62. Ms. Scherban engaged in a protected activity by complaining about sex discrimination.

63. Ms. Scherban made good-faith complaints that her evidence was being tampered with, and supervisors wanted her to conceal evidence of a crime because she is female.

64. Ms. Scherban was terminated shortly after she complained about sex discrimination.

65. The KU Employee Relations Department was aware of Ms. Scherban's complaints and did nothing.

66. KU violated its own internal policies and procedures by failing to adequately investigate and terminating Ms. Scherban.

67. In fact, KU admits that it "administratively closed Scherban's complaints without an investigation, concluding the allegations, even if true, failed to state a violation of the University's Non-discrimination, Harassment, and Equal Opportunity and Sexual Harassment policies."

68. Defendant retaliated against Ms. Scherban based on her complaints about sex discrimination.

69. Ms. Scherban attempted to provide KU with additional information regarding sex discrimination on August 1, 2025, and she submitted an amended formal complaint on August 14, 2025.

70. After her termination, KU continues to discriminate and retaliate against her by refusing to properly investigate her complaints, damaging her employment record, and sabotaging her law enforcement career.

71. KU continues to maintain an employment file containing false information about Ms. Scherban that impedes her finding alternative employment.

72. The discrimination and retaliatory acts are ongoing and systemic from the top down.

There is a pattern and practice of discriminatory and retaliatory conduct at KU and a failure to adequately investigate complaints of illegal activity.

73. The above summary is not all-inclusive, but mere examples of ongoing and continuing discrimination, harassing, and retaliatory conduct by KU. Ms. Scherban was denied opportunities, scrutinized, retaliated against, harassed and terminated based on sex and in retaliation for complaining about discrimination.

74. There is a causal connection between Ms. Scherban's protected activity and the adverse employment actions.

WHEREFORE, Ms. Scherban prays for judgment against KU on Count II of her complaint, for a finding that she was subjected to unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964; for compensatory damages, including monetary losses, emotional pain and suffering, loss of enjoyment of life and other non-monetary losses; punitive damages, equitable relief, front pay, future monetary and non-monetary damages, costs expended, reasonable attorney and expert fees, pre-judgement and post-judgement interest, and for such other and further relief available by law or the Court deems just and proper.

**COUNT III**

**Retaliatory Discharge**

75. Ms. Scherban incorporates by reference every other allegation made herein.

76. Under the whistleblower public policy exception to the at-will employment doctrine, termination of an employee, in retaliation for good faith reporting of a co-worker's or employer's serious infraction of rules, regulations, or law pertaining to public health, safety, and general welfare, is actionable.

77. Both federal law and the Kansas Law Enforcement Act concern the general welfare and safety of the public.

78. Federal and state law prohibit officers from destroying, tampering with, or concealing evidence of a crime. *See, e.g.*, K.S.A. § 21-3902(a)(5).

79. Plaintiff made good-faith complaints about co-workers and her employer destroying, tampering with, or concealing evidence of a crime.

80. Plaintiff made good faith reports of acts, conduct, and practices engaged in by defendant KU, and certain of its employees, which she reasonably and in good faith believed were serious, unlawful, unsafe, and improper, and involved conduct pertaining to the public health, safety, and welfare and that of her colleagues and the public.

81. Plaintiff engaged in an activity protected by federal and Kansas law through her reports.

82. After making these reports or engaging in this protected activity, plaintiff was unlawfully discriminated and retaliated against by defendant KU, culminating in her employment being terminated.

83. Defendant KU had knowledge of plaintiff's reporting prior to terminating her employment.

84. A causal connection exists between plaintiff's protected activity or reports and defendant KU terminating her employment.

WHEREFORE, Ms. Scherban prays for judgment against KU on Count III of her complaint, for a finding that she was subjected to unlawful retaliation; for compensatory damages, including monetary losses, emotional pain and suffering, loss of enjoyment of life and other non-monetary losses; punitive damages, equitable relief, front pay, future monetary and non-monetary damages, costs expended, reasonable attorney and expert fees, pre-judgement and post-judgement interest, and for such other and further relief available by law or the Court deems just and proper.

**Designated Place of Trial**

Ms. Scherban designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

DCG LAW FIRM, LLC

By: /s/ *Dione C. Greene*
Dione C. Greene KS #23010
4700 Belleview Ave., Suite 200
Kansas City, Missouri 64112
Telephone: 816.560.5256
dcgreene@dcgreenelaw.com

ATTORNEYS FOR PLAINTIFF MADISON SCHERBAN

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ *Dione C. Greene*
Attorney for Plaintiff Madison Scherban